THE STATE, CHARLES R. MATTHEWS, PROSECUTOR, v. JOSEPH RANKIN.

1. Under *Gen. Stat., p.* 1897, § 164, when an appeal to the Court of Common Pleas is taken from a judgment of the Court for the Trial of Small Causes, within five days prior to the beginning of the next term, and the papers are not filed with the clerk of the court three days prior to the beginning of such term, the appeal cannot be placed on the list for trial at such term, but must go over and be put on the list for trial at the next term thereafter.
2. The party against whom the judgment is rendered before the justice of the peace, does not waive his right to have the cause go over to the next term, under the statute, by appearing at the term to which the appeal is taken and objecting to the trial at that time. Whilst his motion may be that of delay, yet he only insists upon the rights accorded him by statute, and his appearance for that purpose is no waiver of them.

On *certiorari.*

Argued at November Term, 1895, before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *Ernest F. Keer.*

For the defendant, *Charles F. Lighthipe.*

The opinion of the court was delivered by

LIPPINCOTT, J. This writ brings up for review a judgment of the Court of Common Pleas of the county of Essex, upon appeal from a judgment against the prosecutor in the Court for the Trial of Small Causes, in which the defendant was the plaintiff below.

The summons before the justice was made returnable on Saturday, March 16th, 1895, at twelve o'clock noon. The prosecutor appeared at the time and place mentioned in the summons, and objected to the trial of the cause because it was a legal holiday, and that, therefore, the prosecutor could not be compelled to appear on the trial of a cause on such a day.

The justice overruled the objection and the prosecutor filed a set-off to the demand of the defendant. The cause was adjourned for one week, or to Saturday, March 23d, 1895, at twelve o'clock. On this adjourned day judgment was rendered against the prosecutor in his absence. On March 30th, 1895, he took an appeal to the next term of the Court of Common Pleas of the county of Essex, which commenced on April 2d, 1895. The papers on appeal were not filed with the clerk of the court until the 2d day of April, or the first day of the term. These facts appear by the return to the writ of *certiorari* upon which this review is sought.

On the first day of the term of the Court of Common Pleas the prosecutor objected to the trial of the cause at that term, because the papers on appeal had not been filed within three days prior to the term. The court overruled this objection and fixed the 11th day of April for the trial, proceeded with the cause on that day, and rendered judgment in favor of the defendant against the prosecutor.

Laying aside all other questions, it is clear that the action of the Court of Common Pleas, in proceeding to try the cause and render judgment at the April Term, was erroneous.

By *Gen. Stat.*, p. 1897, § 164, it is provided that "all appeals from Justices' Courts to the Court of Common Pleas of any county in this state, shall be put on the list for trial at the first term to which the same shall be appealed; provided, however, that if said appeal is taken within five days prior to the beginning of such term, and if the papers are not filed with the clerk of said court three days prior to the beginning of such term, then, in that case, said appeal to be put on the list for trial at the next term thereafter."

The prosecutor had the right to rely upon this statute, that this cause on appeal would not be placed on the list for trial at the April Term. It went over, by force of the statute, until the September Term. The language of the statute is clear and explicit on this subject. Besides, this practice has been judicially established. *Lush* v. *Foster*, 15 *Vroom* 378, 380; *Johnson* v. *O'Neil*, 17 *Id.* 510, 511.

The trial of appeals is a purely statutory proceeding, and the statute relating to them must be followed; and the prosecutor was entitled to the advantage of the procedure established by the statute in taking his appeal and in the trial thereof, and he waived none of his rights by appearing and objecting to the trial at any other time or in any other mode than that provided by law, although his motive may have been solely to delay the trial until the next term.

The judgment of the Court of Common Pleas must be reversed, with costs.